BENJAMIN B. WAGNER
United States Attorney
MICHAEL M. BECKWITH
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:09-CR-00011-JAM |
| ) | |
| Plaintiff, ) | |
| ) | *AMENDED* FINAL ORDER OF |
| v. ) | FORFEITURE |
| ) | |
| RYAN LOUIS ENNIS, ) | |
| ) | |
| Defendant. ) | |

WHEREAS, on or about May 10, 2010, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a) based upon the plea agreement entered into between plaintiff and defendant Ryan Louis Ennis forfeiting to the United States the following property:

        a)    Real property located at 4101 Hi Twist Lane, Somerset, California, El Dorado County, APN: 093-032-04-100; and

        b)    Real property located at 8013 Spring Valley Road, Pollock Pines, California, El Dorado County, APN: 009-040-23-100.

AND WHEREAS, beginning on May 19, 2010, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government

1  forfeiture site www.forfeiture.gov.  Said published notice
2  advised all third parties of their right to petition the Court
3  within sixty (60) days from the first day of publication of the
4  notice for a hearing to adjudicate the validity of their alleged
5  legal interest in the forfeited property;
6      AND WHEREAS, the United States sent direct written notice by
7  certified mail to the following persons or entities known to have
8  an alleged interest in the above-described properties:
9          a.   JP Morgan Chase Bank, N.A.
10         b.   Roe Financial Retirement[1]
11     AND WHEREAS, JP Morgan Chase Bank, N.A., filed an Ancillary
12  Petition for Hearing on June 16, 2010, regarding their interest
13  in the real property located at 4101 Hi Twist Lane, Somerset,
14  California, El Dorado County, APN: 093-032-04-100.  The United
15  States and JP Morgan Chase Bank entered into a Stipulation and
16  Settlement Agreement filed on July 1, 2010, that allowed JP
17  Morgan Chase Bank to conduct a foreclosure sale of the real
18  property.  There were no net proceeds realized from the
19  foreclosure sale of this real property.
20     AND WHEREAS, the Court has been advised that no other third
21  party has filed a claim to the subject property, and the time for
22  any person or entity to file a claim has expired.
23     Accordingly, it is hereby ORDERED and ADJUDGED:
24     1.  An *Amended* Final Order of Forfeiture shall be entered

---

[1] The loan for the real property located at 8013 Spring Valley Road, Pollock Pines, California, El Dorado County, APN: 009-040-23-100, has been paid in full.  *See* the Declaration attached as Exhibit B to the *Amended* Application for Final Order of Forfeiture filed herein.

1 forfeiting to the United States of America all right, title, and
2 interest in the below-listed property pursuant to 21 U.S.C. §
3 853(a), to be disposed of according to law, including all right,
4 title, and interest of Ryan Louis Ennis:

     a. Real property located at 8013 Spring Valley Road, Pollock Pines, California, El Dorado County, APN: 009-040-23-100[2].

2. All right, title, and interest in the above-listed property shall vest solely in the name of the United States of America.

3. The U.S. Marshals Service shall maintain custody of and control over the subject property until it is disposed of according to law.

SO ORDERED this 14th day of June, 2012.

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

---

[2] The legal description for this real property is attached hereto as Exhibit A and is incorporated herein.

3    *Amended* Final Order of Forfeiture

**Exhibit A**

Real property located at 8013
Spring Valley Road, Pollock Pines, California

The land referred to is situated in the State of California, County of El Dorado, in the unincorporated area, and is described as follows:

All that portion of the Northwest quarter of the Northwest quarter of Section 23, Township 11 North, Range 13 East, also being a portion of Tract 40 of said Section 23, more particularly described as follows:

The Southerly 255 feet measured at right angles to the South line of said Northwest quarter of the Northwest quarter.

SAVING AND EXCEPTING:

COMMENCING at a point on the Southerly boundary of the said Northwest quarter of Northwest quarter of Section 23, a distance thereon Easterly 710 feet from the Southwest corner of the said Northwest quarter of Northwest quarter of Section 23; thence leaving said point of beginning and running Easterly along the Southerly boundary of the Northwest quarter of Northwest quarter of Section 23, a distance of 165 feet; thence Northerly and parallel with the Westerly boundary of the Northwest quarter of Northwest quarter of said Section 23, a distance of 165 feet; thence Westerly and parallel with the Southerly boundary of the Northwest quarter of Northwest quarter of Section 23, a distance of 165 feet; thence Southerly and parallel with the Westerly boundary of the Northwest quarter of Section 23, a distance of 165 feet to the point of beginning.

APN: 009-040-23-100